CENTER FOR DISABILITY ACCESS
Amanda Seabock, Esq., SBN 289900
Prathima Price, Esq., SBN 321378
Dennis Price, Esq., SBN 279082
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
amandas@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Scott Johnson** | **Case No**. |
| Plaintiff, | |
| v. | **Complaint For Damages And Injunctive Relief For Violations Of:** Americans With Disabilities Act; Unruh Civil Rights Act |
| **Robert C. Chisholm** | |
| Defendant. | |

Plaintiff Scott Johnson complains of Robert C. Chisholm; and alleges as follows:

**PARTIES:**

1.  Plaintiff is a California resident with physical disabilities. Plaintiff is a level C-5 quadriplegic. He cannot walk and also has significant manual dexterity impairments. He uses a wheelchair for mobility and has a specially equipped van.

2.  Defendant Robert C. Chisholm owned the real property located at or about 36640 Fremont Blvd, Fremont, California, upon which the business "36640 Professional Center" operates, in August 2020.

1

Complaint

1    3.   Defendant Robert C. Chisholm owns the real property located at or

2  about 36640 Fremont Blvd, Fremont, California, upon which the business

3  "36640 Professional Center" operates, currently.

4    4.   Plaintiff does not know the true names of Defendants, their business

5  capacities, their ownership connection to the property and business, or their

6  relative responsibilities in causing the access violations herein complained of,

7  and alleges a joint venture and common enterprise by all such Defendants.

8  Plaintiff is informed and believes that each of the Defendants herein is

9  responsible in some capacity for the events herein alleged, or is a necessary

10  party for obtaining appropriate relief. Plaintiff will seek leave to amend when

11  the true names, capacities, connections, and responsibilities of the Defendants

12  are ascertained.

13

14    **JURISDICTION & VENUE:**

15    5.   The Court has subject matter jurisdiction over the action pursuant to 28

16  U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with

17  Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

18    6.   Pursuant to supplemental jurisdiction, an attendant and related cause

19  of action, arising from the same nucleus of operative facts and arising out of

20  the same transactions, is also brought under California's Unruh Civil Rights

21  Act, which act expressly incorporates the Americans with Disabilities Act.

22    7.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is

23  founded on the fact that the real property which is the subject of this action is

24  located in this district and that Plaintiff's cause of action arose in this district.

25

26    **FACTUAL ALLEGATIONS:**

27    8.   Plaintiff went to 36640 Professional Center in August 2020 with the

28  intention to avail himself of its goods or services motivated in part to

2

Complaint

1    determine if the defendants comply with the disability access laws.

2        9.  36640 Professional Center is a facility open to the public, a place of

3    public accommodation, and a business establishment.

4        10. Unfortunately, on the date of the plaintiff's visit, the defendants failed

5    to provide wheelchair accessible parking in conformance with the ADA

6    Standards as it relates to wheelchair users like the plaintiff.

7        11. 36640 Professional Center provides parking to its customers but fails to

8    provide wheelchair accessible parking.

9        12. One problem that plaintiff encountered is that there was no access aisle

10   that accompanied the parking stall that was ostensibly reserved for persons

11   with disabilities. There was also no ADA signage in front of the parking stall.

12       13. Plaintiff believes that there are other features of the parking that likely

13   fail to comply with the ADA Standards and seeks to have fully compliant

14   parking available for wheelchair users.

15       14. On information and belief the defendants currently fail to provide

16   wheelchair accessible parking.

17       15. These barriers relate to and impact the plaintiff's disability. Plaintiff

18   personally encountered these barriers.

19       16. As a wheelchair user, the plaintiff benefits from and is entitled to use

20   wheelchair accessible facilities. By failing to provide accessible facilities, the

21   defendants denied the plaintiff full and equal access.

22       17. The failure to provide accessible facilities created difficulty and

23   discomfort for the Plaintiff.

24       18. The defendants have failed to maintain in working and useable

25   conditions those features required to provide ready access to persons with

26   disabilities.

27       19. The barriers identified above are easily removed without much

28   difficulty or expense. They are the types of barriers identified by the

Complaint

1    Department of Justice as presumably readily achievable to remove and, in fact,

2    these barriers are readily achievable to remove. Moreover, there are numerous

3    alternative accommodations that could be made to provide a greater level of

4    access if complete removal were not achievable.

5        20. Plaintiff will return to 36640 Professional Center to avail himself of its

6    goods or services and to determine compliance with the disability access laws

7    once it is represented to him that 36640 Professional Center and its facilities

8    are accessible. Plaintiff is currently deterred from doing so because of his

9    knowledge of the existing barriers and his uncertainty about the existence of

10   yet other barriers on the site. If the barriers are not removed, the plaintiff will

11   face unlawful and discriminatory barriers again.

12       21. Given the obvious and blatant nature of the barriers and violations

13   alleged herein, the plaintiff alleges, on information and belief, that there are

14   other violations and barriers on the site that relate to his disability. Plaintiff will

15   amend the complaint, to provide proper notice regarding the scope of this

16   lawsuit, once he conducts a site inspection. However, please be on notice that

17   the plaintiff seeks to have all barriers related to his disability remedied. See

18   *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff

19   encounters one barrier at a site, he can sue to have all barriers that relate to his

20   disability removed regardless of whether he personally encountered them).

21

22   **I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS**

23   **WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all

24   Defendants.) (42 U.S.C. section 12101, et seq.)

25       22. Plaintiff re-pleads and incorporates by reference, as if fully set forth

26   again herein, the allegations contained in all prior paragraphs of this

27   complaint.

28       23. Under the ADA, it is an act of discrimination to fail to ensure that the

4

Complaint

1    privileges, advantages, accommodations, facilities, goods and services of any
2    place of public accommodation is offered on a full and equal basis by anyone
3    who owns, leases, or operates a place of public accommodation. See 42 U.S.C.
4    § 12182(a). Discrimination is defined, inter alia, as follows:

5        a. A failure to make reasonable modifications in policies, practices,
6           or procedures, when such modifications are necessary to afford
7           goods,    services,    facilities,    privileges,    advantages,    or
8           accommodations to individuals with disabilities, unless the
9           accommodation would work a fundamental alteration of those
10          services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

11       b. A failure to remove architectural barriers where such removal is
12          readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are
13          defined by reference to the ADA Standards.

14       c. A failure to make alterations in such a manner that, to the
15          maximum extent feasible, the altered portions of the facility are
16          readily accessible to and usable by individuals with disabilities,
17          including individuals who use wheelchairs or to ensure that, to the
18          maximum extent feasible, the path of travel to the altered area and
19          the bathrooms, telephones, and drinking fountains serving the
20          altered area, are readily accessible to and usable by individuals
21          with disabilities. 42 U.S.C. § 12183(a)(2).

22   24. When a business provides parking for its customers, it must provide
23   accessible parking.

24   25. Here, accessible parking has not been provided in conformance with the
25   ADA Standards.

26   26. The Safe Harbor provisions of the 2010 Standards are not applicable
27   here because the conditions challenged in this lawsuit do not comply with the
28   1991 Standards.

5

Complaint

1    27. A public accommodation must maintain in operable working condition

2    those features of its facilities and equipment that are required to be readily

3    accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

4    28. Here, the failure to ensure that the accessible facilities were available

5    and ready to be used by the plaintiff is a violation of the law.

6    **II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL**

7    **RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ.

8    Code § 51-53.)

9    29. Plaintiff repleads and incorporates by reference, as if fully set forth

10   again herein, the allegations contained in all prior paragraphs of this

11   complaint.  The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia,

12   that persons with disabilities are entitled to full and equal accommodations,

13   advantages, facilities, privileges, or services in all business establishment of

14   every kind whatsoever within the jurisdiction of the State of California.  Cal.

15   Civ. Code §51(b).

16   30. The Unruh Act provides that a violation of the ADA is a violation of the

17   Unruh Act.  Cal. Civ. Code, § 51(f).

18   31. Defendants' acts and omissions, as herein alleged, have violated the

19   Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's

20   rights to full and equal use of the accommodations, advantages, facilities,

21   privileges, or services offered.

22   32. Because the violation of the Unruh Civil Rights Act resulted in difficulty,

23   discomfort or embarrassment for the plaintiff, the defendants are also each

24   responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-

25   (c).)

26   33. Although the plaintiff encountered frustration and difficulty by facing

27   discriminatory barriers, even manifesting itself with minor and fleeting

28   physical symptoms, the plaintiff does not value this very modest physical

Complaint

1    personal injury greater than the amount of the statutory damages.

2

3        **PRAYER**:

4        Wherefore, Plaintiff prays that this Court award damages and provide

5    relief as follows:

6        1. For injunctive relief, compelling Defendants to comply with the

7    Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the

8    plaintiff is not invoking section 55 of the California Civil Code and is not

9    seeking injunctive relief under the Disabled Persons Act at all.

10       2. Damages under the Unruh Civil Rights Act, which provides for actual

11   damages and a statutory minimum of $4,000 for each offense.

12       3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant

13   to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

14

15   Dated: October 26, 2020          CENTER FOR DISABILITY ACCESS

16

17                                    By: _____

18                                          Amanda Seabock, Esq.
                                            Attorney for plaintiff
19

20

21

22

23

24

25

26

27

28

Complaint